IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SIMON COWELL CORONA,            )
                                )   3:  11-cv-00120-PK
        Petitioner,             )
                                )
    v.                          )
                                )   FINDINGS AND RECOMMENDATION
RICK COURSEY,                   )
                                )
        Respondent.             )

Anthony D. Bornstein
Office of the Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon  97204

    Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Simon Cowell Corona brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions and sentence for numerous counts of sex abuse, unlawful sexual penetration, sodomy, attempted sodomy and rape. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus [30] should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On December 14, 2004, the Gilliam County Grand Jury returned a secret indictment charging Corona with ten (10) counts of Sexual Abuse in the First Degree, five (5) counts of Sexual Abuse in the Second Degree, six (6) counts of Unlawful Sexual Penetration in the First Degree, four (4) counts of Unlawful Sexual Penetration in the Second Degree, one count of Sodomy in the First Degree, one count of Attempted Sodomy in the First Degree and one count of Rape in the Third Degree. Respondent's Exhibit 102. Following a consolidated jury trial, Corona was convicted of some twenty-eight (28) sexual offenses and the sentencing court imposed a sentence totaling 422 months. Respondent's Exhibit 101.

Corona directly appealed his conviction and sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. State v. Corona, 222 Or. App. 330, 194 P.3d 193 (2008), rev. denied 345 Or.

2 - FINDINGS AND RECOMMENDATION

503, 200 P.3d 147 (2008); Respondent's Exhibits 103-115.

Corona next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief on his Amended PCR Petition. Corona v. Coursey, Umatilla County Circuit Court Case No. CV091017. Corona appealed, but then moved to dismiss the appeal. The Oregon Court of Appeals granted Corona's motion to dismiss and he did not petition the Oregon Supreme Court for review. Corona v. Coursey, A145163; Respondent's Exhibits 121-123.

On January 31, 2011, Corona filed this action. His sole claim for relief as set forth in his Amended Petition [30] is as follows:

> Petitioner's convictions and sentence are illegal and contrary to the Constitution of the United States.
>
> The trial court violated Mr. Corona's Fourteenth Amendment right to due process of law when it admitted prejudicial prior bad acts evidence consisting of testimony about physical and verbal abuse of the complainant's brothers.

Respondent asks the Court to deny relief on the Amended Petition because: (1) Corona's claim is procedurally defaulted, and the default is not excused; (2) there is no clearly established Supreme Court precedent holding that an evidentiary error related to the admission of prior bad acts evidence violates due process; (3) even if admission of such evidence could violate due process, the subject testimony was relevant; and (4) any error was harmless because other evidence of guilt was overwhelming and Corona did not object to similar testimony of abuse by another witness, therefore admission of the subject testimony did not actually prejudice him.

3 - FINDINGS AND RECOMMENDATION

## DISCUSSION

I.  Exhaustion and Procedural Default

   A.  Standards.

A habeas petitioner must exhaust his claims by presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a

4 - FINDINGS AND RECOMMENDATION

claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

### B. Analysis

Corona raised the due process claim he alleges in this proceedings on appeal. Respondent's Exhibit 110. However, he did not raise it before the trial court. Before the trial court, he argued that testimony by Christopher Roberts, the victim's brother, describing Corona's verbal and physical abuse of him and his younger brother should be excluded pursuant to Oregon Evidence Code § 404(c) and State v. Johns, 301 Or. 535 (1986) as prior bad acts evidence. Transcript of Proceedings, Vol. I at 328. Corona did not cite to or argue the federal constitution or the due process clause. To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Baldwin v. Reese, 541 U.S. 27, 32 (2004).

While Corona raised the due process claim on appeal, his failure to raise the argument before the trial court rendered it unpreserved for appellate review. See State v. Gornick, 340 Or.

5 - FINDINGS AND RECOMMENDATION

160 (2006); State v. Heilman, 339 Or. 661 (2005). Under Oregon Rule of Appellate Procedure 5.45, claims may not be raised for the first time on appeal unless they fall into the narrow "plain error" exception. "One of the policies underlying ORAP 5.45's rule of preservation is to ensure that trial courts have the opportunity to rule on a particular question or issue, thereby potentially obviating the necessity of an appeal and the accompanying use of judicial resources." Miller v. C.C. Meisel Co., 183 Or. App. 148, 172 (2002).

Submitting a claim "to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994)(citing Castille v. Peoples, 489 U.S. 346, 351 (1989)). Because Corona raised his constitutional claim for the first time on appeal, it was not fairly presented to Oregon's appellate courts in a procedural context in which the merits would be considered, and is therefore defaulted for purposes of habeas review. Even assuming the State wrongly conceded during the course of appellate briefing that the issue had been presented to the trial court, it remains that the Oregon Court of Appeals lacked authority to consider the claim. See State v. Wyatt, 331 Or. 335, 346 (2000)("[N]either the state's failure to raise preservation as an issue in the Court of Appeals, nor the state's erroneous concession

that the sanction issue had been preserved at trial, conferred authority on that court to consider defendant's unpreserved claim of error.")(citation omitted).

## II. Merits

Alternatively, even if Corona preserved his due process claim for federal habeas corpus review, the claim fails on the merits.

### A. Standards

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and Corona bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

7 - FINDINGS AND RECOMMENDATION

Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

**B.  Analysis**

Corona insists Christopher's testimony describing Corona's verbal and physical abuse of him and his younger brother was irrelevant to the sexual offense charges he faced. He maintains the testimony was so irrelevant and the resultant prejudice so serious, its admission rendered his trial fundamentally unfair. Brief in Support [31] at 10.

A state court's evidentiary ruling, even if erroneous, is grounds for federal habeas relief only if it renders the state proceedings so fundamentally unfair **as to violate due process**. Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009); Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991). Moreover,

> [t]he Supreme Court has made very few rulings regarding the admission of evidence as a violation of due process. Although the Court has been clear that a writ should be issued when constitutional errors have rendered the trial fundamentally unfair, it has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ.

8 - FINDINGS AND RECOMMENDATION

Holley, 568 F.3d at 1101 (citation omitted). Therefore, "under AEDPA, even clearly erroneous admissions of evidence that render a trial fundamentally unfair may not permit the grant of federal habeas corpus relief if not forbidden by 'clearly established Federal law,' as laid out by the Supreme Court." Id. Accordingly, any denial by the trial court of Corona's due process claim here does not support federal habeas relief under AEDPA because admission of Christopher's testimony describing Corona's verbal and physical abuse of him and his brother, so-called bad act evidence, did not violate any clearly established federal law.

Petitioner's claim would also fail under controlling Ninth Circuit precedent. That court has held that the admission of "other acts" evidence violates due process only if there were no permissible inferences the fact finder could have drawn from the evidence. See McKinney v. Rees, 993 F.2d 1378, 1381 (9th Cir. 1993)(question is "whether any inferences relevant to a fact of consequence may be drawn from each piece of the evidence, or whether they lead only to impermissible inferences about the defendant's character"); Jammal, 926 F.2d at 920 ("[e]vidence introduced by the prosecution will often raise more than one inference, some permissible, some not; we must rely on the jury to sort them out in light of the court's instructions").

Here, in overruling counsel's objection to Christopher's testimony describing Corona's verbal and physical abuse of him and his brother, the trial court expressly determined that such

9 - FINDINGS AND RECOMMENDATION

evidence was not prior bad act evidence, that it was relevant, and that it was not unduly prejudicial:

> THE COURT:   * * *
>
> The objection is noted. The objection is overruled for the following reasons. Number one, it is not prior bad act evidence under 404(3) or State v. Johns and State v. Galey where in Johns, he committed this murder, modus operandi is the same as in this murder, so that's why we're offering that evidence. Whereas in Galey, the case immediately follows Johns, they try to use burglary evidence to establish well, he did one, so he must have did this one two. And the Supreme Court said, "No, not close enough."
>
> And with respect to the relevance, it is relevant to the State's general theory of the case, which, as I understand it, an allegation that Mr. Corona controlled a family, and as a result of his exercise of control that Ms. Locke was attempting to appease him. But it ties together to the story.
>
> * * *
>
> And the question is is it unduly prejudicial . . . . and the answer is no. It's part and sum of the State's theory of the case.
>
> We haven't gotten to nailing people to walls and things like that. We -- the allegation is a bullying and intimidation.

Transcript of Proceedings, Vol. I at pp. 328-30.

Therefore, Corona's arguments notwithstanding, the trial court's finding that the evidence was probative of the victim's desire to appease Corona constitutes a permissible inference the jury could draw from the Christopher's testimony describing Corona's abuse of him and his brother. Under these circumstances,

10 - FINDINGS AND RECOMMENDATION

any error in admitting evidence of such abuse did not result in a due process violation. Nor did it have "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Penry v. Johnson, 532 U.S. 782, 793-96 (2001).

For these reasons, Corona cannot demonstrate that the Oregon court's decision denying his due process claim was either contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court or that it was based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings.

## RECOMMENDATION

Based on the foregoing, the Amended Petition for Writ of Habeas Corpus [30] should be DENIED, and judgment should enter DISMISSING this case with prejudice.

In addition, the district judge should certify that Corona has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). This case is not appropriate for appellate review.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under

advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 8th day of February, 2013.

Paul Papak
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION