# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **SIMON COWELL CORONA**, | Case No. 3:11-cv-00120-PK |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **RICK COURSEY**, | |
| Defendant. | |

**SIMON, District Judge.**

United States Magistrate Judge Paul Papak issued a Findings and Recommendation in this case on February 8, 2013. Dkt. 38. Judge Papak recommended that the Petition for Writ of Habeas Corpus (Dkt. 2) be denied, the case dismissed with prejudice, and the court decline to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Petitioner timely filed objections to the Findings and Recommendation (Dkt. 40), to which Defendant responded. Dkt. 41. Petitioner objects to the portion of Judge Papak's Findings and Recommendation finding that the constitutional claim was procedurally defaulted, that the claim fails on its merits, and recommending that the case be dismissed and that no certificate of appealability be issued. For the reasons discussed below, this Court ADOPTS IN PART Judge Papak's Findings and Recommendation.

## BACKGROUND

This Court ADOPTS Judge Papak's background statement.

**ANALYSIS**

**A. Exhaustion and Procedural Default**

    **1. Standards**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies . . . . [and] must fairly present his claim in each appropriate state court." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state court*s* (plural) in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)). This means that a petitioner must pursue the claim "throughout one entire judicial postconviction process available in the state." *Id.* at 916. "Whether a claim is exhausted through a direct appellate procedure, a postconviction procedure, or both, the claim should be raised at all appellate stages afforded under state law *as of right* by that procedure." *Id.*

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). The federal claim must be presented in an appellate brief or petition because a "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32.

A claim is deemed to have a "procedural default for purposes of federal habeas" if the petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the

claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). If a petitioner "procedurally defaults" his federal claims in state court, federal habeas relief is precluded absent a showing of cause and prejudice, or that failure to consider his federal claims will result in a fundamental miscarriage of justice. *Id*. at 750.

### 2.  Analysis

Here, Petitioner first argued his due process claim that he alleges in this proceeding on appeal in state court. Thus, his Petition does not run afoul of the *Baldwin* requirement that the federal claim be stated in a brief or petition. Although Petitioner raised his claim on appeal, he did not raise the argument before the trial court, which potentially renders his claim unpreserved for state appellate review and, therefore, for federal habeas review as procedurally defaulted.

Under Oregon law, to be considered on appeal, a claim must be preserved in the lower court unless the claim asserts "an error of law apparent on the face of the record." Or. R. App. P. 5.45(1). Determining whether a trial court committed plain error that would allow for appellate review without proper preservation in the trial court involves a two-step analysis. *State v. Gornick*, 130 P.3d 780, 783 (Or. 2006). The first step requires: "(1) the claimed error is an error of law, (2) the claimed error is obvious, not reasonably in dispute, and (3) it appears on the face of the record, *i.e.*, the reviewing court need not go outside the record to identify the error or choose between competing inferences, and the facts constituting the error are irrefutable." *Id*. (quotation marks and citation omitted). If any of these requirements are not satisfied, the error is not plain error subject to appellate review. *Id*. If all three of these requirements are satisfied, the court proceeds to the second step, "where it must decide whether to 'exercise its discretion to consider or not to consider the error.'" *Id*. (quoting *Alies v. Portland Meadows, Inc.*, 823 P.2d 956, 959 (Or. 1991)). Oregon courts caution, however, that a court's "'decision to recognize unpreserved or unraised error in this manner should be made with utmost caution. Such an action

is contrary to the strong policies requiring preservation and raising of error.'" *Id*. (quoting *Alies*, 823 P.2d at 959).

Petitioner argues that it was plain error as a violation of due process for the trial court to admit testimony regarding Petitioner's mistreatment of the victim's brothers. As discussed in Section II of Judge Papak's Findings and Recommendation, which this Court adopts (see Section B below), Petitioner fails to show that the admission of such evidence was a violation of due process. As such, Petitioner fails to satisfy the requirements of the first step of the plain error analysis. Petitioner fails to show that the claimed error is an obvious error of law that is not reasonably in dispute and that appears on the face of the record without any competing inferences. *Gornick*, 130 P.3d at 783. Thus, Petitioner's claim was not properly preserved for appeal under Oregon law, was not "fairly presented" in the State court, and was not properly exhausted. The Court does not find that Petitioner has made a showing of cause and prejudice in his failure properly to exhaust his claim, nor that failure to consider his claim will result in a fundamental miscarriage of justice. Therefore, Petitioner's claim is procedurally barred in this Court.

**B.  Analysis of the Merits of Petitioner's Claim**

The Court has reviewed *de novo* Section II "Merits" of Judge Papak's Findings and Recommendation to which Petitioner has objected. The Court agrees with Judge Papak's reasoning regarding why the Petition, even if not procedurally barred, fails on the merits and ADOPTS this portion of the Findings and Recommendation.

## CONCLUSION

Judge Papak's Findings and Recommendation (Dkt. 38) is hereby ADOPTED IN PART. The Court ADOPTS the Findings and Recommendation, with the exception of Section I relating to exhaustion and procedural default, which is set forth herein. For the reasons discussed above

and in Judge Papak's Findings and Recommendation, the Petition for Writ of Habeas Corpus

(Dkt. 2) is DENIED and this proceeding is DISMISSED. The Court declines to issue a

Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the

denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 9th day of April, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge